**REUBEN RUBY *vs.* *Abyssinian Religious Society of* PORTLAND.**

If a mortgagee enter into actual possession before breach of condition, he will be holden to strict accountability; and cannot recover against the mortgagor in an action of assumpsit, brought after the discharge of the mortgage, for repairs not necessary for the preservation of the estate.

A corporation is not bound by the declarations or acts of individual members thereof, made or done at a time when they were not acting as the agents of such corporation.

THE action was assumpsit for money paid, laid out and expended, in paying certain debts against the corporation, and in finishing the meeting-house belonging to the society. It was conceded by the defendants, that the plaintiff had paid debts to the amount of $217,13, and that he had a just claim for that sum. The plaintiff proved by witnesses, that he had employed persons to finish the inside of the meeting-house, and had paid for labor and materials $689,58. It did not appear, that the corporation had by vote authorized the plaintiff to finish the house, or by vote had appointed any committee or agents to do the work or cause it to be done. To show an acceptance of the work, and a ratification of his doings, the plaintiff offered to prove acts of members of the corporation, by occupying and enjoying the same house for public worship and other meetings. The counsel for the defendants objected to the admission of any evidence of acts to bind the corporation, other than the votes of the corporation, or acts of its authorized agents. EMERY J. presiding at the trial, overruled the objection. The testimony of many witnesses, not very intelligible in some respects,

Ruby v. Abyssinian Society.

was spread upon the report of the case, in relation to the doings of the plaintiff and of other members of the society, which will be sufficiently understood from the opinion of the Court, as will also the proceedings of the plaintiff under a mortgage from the society to him. The verdict was for the plaintiff for the sum of $944,84, and was to be set aside, if the evidence was improperly admitted, or the charge erroneous.

*Daveis* and *Megquier* argued for the defendants, and cited 1 *Pick.* 87; 2 *Pick.* 505; 5 *Pick.* 259; 10 *Pick.* 398; 1 *Johns. Ch. R.* 385.

*Fessenden & Deblois* argued for the plaintiff, and cited *Abbott* v. *Hermon*, 7 *Greenl.* 118; *Hayden* v. *Madison*, *ib.* 96; 2 *Pick.* 345; 14 *Mass. R.* 282; 17 *Mass. R.* 479; *Wyman* v. *Hook*, 2 *Greenl.* 337; *Tinkham* v. *Arnold*, 3 *Greenl.* 120; 7 *Cranch*, 2:99; *Doug.* 524; 3 *Mass. R.* 364; 5 *Mass. R.* 80; *ib.* 491; 6 *Mass. R.* 40; 2 *Stark. Ev.* 55; 4 *B. & Cr.* 575; *Angell & Ames on Cor.* 128; 12 *Wheat.* 64.

After a continuance for advisement, the opinion of the Court was drawn up by

EMERY J. — The verdict in this case as to $217,13, with interest from the date of the writ, ought upon every principle, to be sustained, if nothing more were in the case. As to the residue, it is gathered from the report, that the defendants on the 7th of *March*, 1831, executed to the plaintiff, a mortgage of the property about which the controversy has arisen to secure the payment of $250 in three years.

The plaintiff said it was private property while he had the mortgage; that the property was his own, and he would do with it as he pleased, nearly three years after the giving of the mortgage; that he would do as he pleased with the house, and that the society should not have it if they paid a thousand dollars. He also said, if they would pay the mortgage, he would have nothing more to do with them. He took possession on the 7th of *Sept.* 1835, under his mortgage to foreclose it.

The mortgage was discharged on the 25th of *November*, 1835, and the society took violent possession of the house after the mortgage was discharged.

A motion is made at common law to set aside the verdict, as against law and evidence.

It is insisted by the plaintiff, that corporations are bound by the same rules of evidence as individuals; that a corporation may be bound by acts as well as an individual; that the plaintiff went on and finished the house; a dedication was made for the use of the society; that the vote to take possession, to open and close the house, and to rent the pews, amount to a ratification of the doing of *Ruby.*

The case is a very peculiar one, and every honorable exertion appears to have been made by the counsel on both sides to effect a healing and soothing cooperation of the parties litigant, and the Court have urged it upon the consideration of the parties to consent to an amicable adjustment, and they are informed that that only can bring about an accommodation. We are therefore compelled to do our duty in disposing of the cause.

We can easily conceive, that it may be gratifying to the feelings of the plaintiff and to some members of the society, perhaps to all, to find the house so handsomely finished; and we cannot withhold commendation of the spirit of the plaintiff to improve the character of his friends in a religious point of view.

Perhaps the cases of *Hayden* v. *Madison,* and *Abbot* v. *Hermon,* carry the doctrine of implied responsibility of corporations as far as it should be carried. One was in relation to a school-house in which a school had been kept under the direction of a school agent, whose authority was not questioned. The other to obtain payment for building a piece of road. A part payment had been made without objection, when a portion of the road had not been completed as stipulated to be done. An acceptance and waiver of objection was deemed by the Court to result from this act.

The present case presents very strong considerations of difference from those cases.

The commencement of the improvement in the meeting-house was not with the expectation of resorting to the society.

We cannot admit the principle that a mortgagee can take such liberties with property mortgaged to him, agreeing that the society should not have the meeting-house, if they paid him a thousand dollars; and yet, after he had undertaken to deal with it as his own

private property, and discharged the mortgage, attempt to charge the society upon a principle of their accepting the house thus improved. They had a right to take it. If a mortgagee enter, as he may, before breach of a condition, he is holden to the strictest accountability for the profits. And the mortgagor is not to be holden chargeable in an action of assumpsit for repairs, not necessary to the preservation of the estate. We must consider this objection open. Besides, there has been no deliberate action legally binding the society or engaging them to pay this demand.

For the proceedings of the colored people as reported, are not to be taken as the doings of the society, and were inadmissible as evidence for such a purpose.

*The verdict must be set aside.*